**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| KIMBERLY L. BURBANK | CIVIL ACTION |
| VERSUS | NO:    14-1556 |
| HRI PROPERTIES | SECTION: "G" (4) |

## ORDER & REASONS

Before the Court is a **Motion to Dismiss and Motion for Partial Summary Judgment (R. Doc. 7)**, filed by the Defendant, Historic Restoration, Incorporated (incorrectly named as HRI Properties and hereinafter "HRI"). The Plaintiff, Kimberly Burbank, filed an opposition (R. Doc. 13) and the Defendant filed a reply (R. Doc. 21). The motion was decided on the briefs. *See* R. Doc. 19.

## I.    Background

### A.    Complaint

The Plaintiff filed this action against her former employer, HRI, for violating Title VII, 42 U.S.C. § 2000e, *et seq*., and the Equal Pay Act ("EPA"), 29 U.S.C.A. § 206(d). *See* R. Doc. 1, at 1. The Plaintiff alleges (1) disparate treatment based on race, color and sex; (2) retaliation for complaining about HRI's unlawful conduct by the unlawful elimination of her job position; and (3) wage discrimination. *Id*. at 3. Plaintiff alleges that the Defendant's actions against her were intentional and undertaken with malice and reckless indifference in retaliation and motivated by race and sex. *Id*. at 4. The Plaintiff represents that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2013 and received a right to sue letter on March 31, 2014. *Id*. at 2. The Plaintiff filed the subject action on July 3, 2014 as a *pro se* litigant.

On January 8, 2015, counsel enrolled on behalf of the Plaintiff and presumably drafted the Plaintiff's opposition to the subject motion. In the Plaintiff's opposition, she alleges additional facts that are omitted from her complaint. The Court shall include the additional facts in this section but notes that these facts are not incorporated in the complaint as formal factual allegations and shall not be considered in determining the sufficiency of the Plaintiff's complaint.

In the Plaintiff's opposition, she alleges that she is an African-American female who began working for HRI on February 22, 2010 in the area of Urban Commercial Redevelopment. *See* R. Doc. 13, at 1. Plaintiff alleges that her work primarily focused on the City of New Orleans's Iberville Housing Development and that she was summarily dismissed when it began construction. *Id.* Plaintiff alleges that she was not given an opportunity for reassignment similar to her white counterparts and that she was not compensated under the same bonus structure as her male counterparts. *Id.*

Plaintiff alleges that on May 29, 2013 she met with HRI Vice President of Human Resources, Shawn Reppel, and Chief Executive Officer, Pres Kabacoff. *Id.* at 2. Plaintiff alleges that during the meeting she was informed that she was being terminated, effective immediately. *Id.* Plaintiff alleges that the next day Reppel presented her with a Confidential Separation Agreement and Release ("Release") detailing her severance package.[1] *Id.* Plaintiff alleges that Kabacoff and Reppel never clarified that she would be entitled to her salary for the week ending June 2, 2013 and her earned vacation time regardless of whether she signed the Release. *Id.*

---

[1] Plaintiff represents that the salary includes "1) Ms. Burbank's salary for the week ending June 2, 2013 (an amount totaling $2,176.06 after taxes); 2) remuneration for her earned vacation time through June 2, 2013 (an amount totaling $1,142.88); and 3) separation benefits equivalent to one (1) week of regular salary for a period of eight (8) weeks (an amount totaling $8,831.12 after taxes)." *See* R. Doc. 13, at 2.

**B.  <u>Motion to Dismiss and for Partial Summary Judgment</u>**

The Defendant filed the instant motion seeking summary judgment on the Plaintiff's Title VII claims and dismissal of the Plaintiff's EPA claims. *See* R. Doc. 7-2, at 1. The Defendant contends that it is entitled to summary judgment because the Plaintiff is precluded from asserting Title VII claims by virtue of her signing the Release on June 5, 2013. *Id*. at 3. The Defendant additionally contends that the Plaintiff's claims under the EPA should be dismissed because she fails to allege sufficient facts to state a claim upon which relief can be granted. *Id*. at 8.

In opposition, the Plaintiff avers that the Defendant's motion for summary judgment should be denied because (a) she did not have adequate time to review the Release; (b) was not able to participate in deciding the terms of the Release; (c) did not understand the Release; and (d) was not represented by an attorney when she signed the Release. *See* R. Doc. 13, at 5-7. The Plaintiff further avers that her claims under the EPA should not be dismissed because she alleged enough facts to state a claim that is plausible on its face, and in the alternative, the Plaintiff requests leave to amend if the Court concludes that the Plaintiff's EPA claim should be dismissed. *Id.* at 7-8.

**II.    <u>Standard of Review</u>**

**A.      <u>Summary Judgment</u>**

Federal Rule of Civil Procedure ("Rule") 56(a) provides that summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if resolving that fact in favor of one party could affect the outcome of the suit.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Poole v. City of Shreveport*, 691 F.3d 624, 626-27 (5th Cir. 2012).

Where the moving party bears the burden of proof at trial as the plaintiff, or as a defendant asserting an affirmative defense, that party must support its motion with "credible evidence . . . that would entitle it to directed verdict if not controverted at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S. Ct. 2548 (1986). In such a case the moving party must "establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original); *see also Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011). Credible evidence may include depositions, documents, affidavits, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c). Moreover, in evaluating a motion for summary judgment by the party with the underlying burden of proof, the Court considers the substantive evidentiary burden of proof that would apply at the trial on the merits. *Anderson*, 477 U.S. at 252. The moving party's burden is therefore "understandably heavier" where that party is the plaintiff. *S. Snow Mfg. Co. v. Snow Wizard Holdings, Inc.*, 829 F. Supp. 2d 437, 447 (E.D. La. 2011).

Once the moving party has made its showing, the burden shifts to the non-moving party to produce evidence that demonstrates the existence of a genuine issue of fact. *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322–24). All justifiable inferences are to be drawn in the non-moving party's favor. *Anderson*, 477 U.S. at 255. However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for Summary Judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003) (internal citations omitted); *see also Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996) (stating that "mere conclusory allegations" are insufficient to defeat a motion for summary judgment). Though the Court may not evaluate

4

evidence on a motion for summary judgment, the Court may make a determination as to the "caliber or quantity" of evidence as part of its determination of whether sufficient evidence exists for the fact-finder to find for the non-moving party. *Anderson*, 477 U.S. at 254.

### B.   Motion to Dismiss

Under Rule 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which any relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (internal citation omitted).  Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "[t]he plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Guidry v. Am. Pub. Life Ins. Co*., 512 F.3d 177, 180 (5th Cir. 2007) (quotation marks omitted).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  Thus, as mentioned above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged.  *See id.*

## III.   Analysis

### A.   Motion for Summary Judgment – Title VII

The Defendant contends that the Plaintiff is precluded from asserting her Title VII claims against HRI by virtue of her signing the Release on June 5, 2013 and cashing her $8,831.12 settlement check thereafter. *See* R. Doc. 7-2, at 4. Defendant contends that the Fifth Circuit has upheld waivers of employment discrimination where the plaintiff signed a release that addresses the claims at issues and received adequate consideration. *Id.* Defendant contends that the Plaintiff cannot obtain the benefit of the settlement and then litigate the claim she agreed to settle. *Id.* Defendant argues that the Plaintiff's signature evidences her understanding of the terms of the release and that she has irrevocably waived the right to revoke the terms of the Release by allowing the seven-day revocation period to lapse. *Id.* at 5. Defendant further alleges that the Plaintiff breached the Release by filing this action. *Id.*

In opposition, the Plaintiff argues that the Release was invalid because she did not knowingly and voluntarily waive her rights. *See* R. Doc. 13, at 3. Plaintiff cites to *O'Hare v. Global Natural Res., Inc.*, 898 F.2d 1015, 1016 (5th Cir. 1990), and contends that pursuant to the factors set forth in *O'Hare* she can demonstrate that the Release is invalid. *Id.* Plaintiff avers that

she did not have adequate time to review the Release, did not have a role in deciding the terms of the Release, did not understand the Release, and was not represented by counsel.

According to the Fifth Circuit, "[a] general release of Title VII claims does not ordinarily violate public policy. To the contrary, public policy favors voluntary settlement of employment discrimination claims brought under Title VII." *Smith v. Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002) (quoting *Rogers v. Gen. Elec. Co.*, 781 F.2d 452, 454 (5th Cir. 1986)) (internal quotation marks omitted). Furthermore, "[t]he interpretation and validity of a release of claims under Title VII is governed by federal law." *Id.* (citing *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir. 1994); *Rogers*, 781 F.2d at 454). Under federal law, "[a] release of a Title VII claim is valid only if it is 'knowing and voluntary.'" *Id.* (citing *Rogers*, 781 F.2d at 454). The Fifth Circuit in *O'Hare* adopted a "totality of the circumstances" approach to determine whether a release was knowingly and voluntarily executed. *Id.*; *see O'Hare*, 898 F.2d at 1017.

Under the first step of the "totality of the circumstances" approach, "[t]he employer bears the burden of establishing that its former employee 'signed a release that addresses the claims at issue, received adequate consideration, and breached the release.'" *Smith*, 298 F.3d at 441 (quoting *Williams*, 23 F.3d at 935). After the employer satisfies its burden, it is then "incumbent upon the former employee to 'demonstrat[e] that the release was invalid because of fraud, duress, material mistake, or some other defense.'" *Id.* (alteration in original) (quoting *Williams*, 23 F.3d at 935). In determining whether the employee has met the burden of establishing a defense to the validity of the release, courts look at the following factors:

> (1) the plaintiff's education and business experience, (2) the amount of time the plaintiff had possession of or access to the agreement before signing it, (3) the role of [the] plaintiff in deciding the terms of the agreement, (4) the clarity of the agreement, (5) whether the plaintiff was represented by or consulted with an attorney, and (6) whether consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

*O'Hare*, 898 F.2d at 1017. Furthermore, "[n]o single factor is necessarily dispositive in this analysis." *Preston v. Pegasus Solutions, Inc.*, No. 3:04-CV-1924-P, 2006 WL 757960, at *3 (N.D. Tex. Mar. 23, 2006) (citing *Uherek v. Houston Light & Power Co.*, 997 F.Supp. 789, 792 (S.D. Tex. 1998)).

### 1.    <u>Employer's Burden of Establishing the Validity of the Release</u>

The Court notes that the Plaintiff does not explicitly dispute the fact that the Release addresses Title VII claims or that she received adequate consideration. Nonetheless, the Court will still consider the Release at issue to determine if the Defendant has satisfied its burden by demonstrating that the Plaintiff signed a release that addresses the claims at issue, received adequate consideration, and breached the Release.

The Release was signed by the Plaintiff on June 5, 2013 and states in pertinent part: "[i]t is expressly understood and agreed that the claims covered by Employee's release include, but are not limited to, any and all claims or rights arising or that could be asserted under . . . Title VII of the Civil Rights Act of 1964." *See* R. Doc. 7-4, at 2. Based on the language of the Release, the Court finds that the Release's intent to release all Title VII claims is unambiguous and that it was clearly signed by the Plaintiff. *See Player v. Kansas City S. Ry. Co.*, No. CIV.A. 06-1980, 2011 WL 5573831, at *4 (W.D. La. Nov. 16, 2011) (citing *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002); *Smith*, 298 F.3d at 443)) (stating that a release does not have to specify Title VII claims or other federal causes of action to be valid and language such as "any and all claims" is unambiguous).

Furthermore, the Defendant provided adequate evidence demonstrating that the Plaintiff received compensation for releasing her Title VII claims. The Release states in pertinent part: "[i]n exchange for the consideration granted under Paragraph 1 above, which Employee admits

she would not otherwise be entitled, Employee hereby . . . waives . . . claims or rights arising or that could be asserted under . . . Title VII of the Civil Rights Act of 1964." *See* R. Doc. 7-4, at 1-2. In Paragraph 1 of the Release, the Plaintiff is promised eight (8) weeks of separation benefits totaling $12,553.84, less applicable withholding taxes, which totaled $8,831.12. *Id.* at 1. The Defendant tendered the Plaintiff the severance check and it was cashed by the Plaintiff on June 5, 2013. *See* R. Doc. 7-5, at 3 (Copy of Cashed Severance Check).

Based on the documentation provided by the Defendant, the Court finds that the Defendant has successfully carried its initial burden of showing that the Plaintiff signed the Release, received adequate consideration for doing so, and breached the Release by filing the instant suit. The burden now shifts to the Plaintiff to establish an affirmative defense to the validity to the Release.

### 2.   Employee's Burden of Establishing Defense to the Validity of the Release

The Plaintiff contends that the Release is invalid because she satisfies four of the six factors under *O'Hare*: (1) she did not have adequate time to review the Release; (2) she had no role in deciding the terms of the agreement; (3) the Release was not clear; and (4) she did not consult with an attorney.  After considering the Plaintiff's position, the Court finds that the Plaintiff does not present enough evidence to create a material issue of fact as to the validity of the Release and that the Plaintiff's claims under Title VII should be dismissed pursuant to Rule 56 for the following reasons assigned.

#### a.   Adequate Time to Review

The Plaintiff contends that she did not have adequate time to review the Release because it was presented to her on May 30, 2013 and she signed it on June 5, 2013, which was six (6) days later. *See* R. Doc. 13, at 4. Plaintiff contends that the Defendant did not give her a deadline

to sign the Release and that she interpreted Paragraph 9 of the Release to mean that she only had seven (7) days to accept the Release or the terms would be rescinded. *Id*. at 5. Plaintiff additionally argues that the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(f), requires a waiver of rights to give an employee at least twenty-one (21) days to consider the waiver. *Id*. at 4.

In opposition, the Defendant contends that the Release did not stipulate a deadline by which it had to be returned nor did any HRI representative give the Plaintiff a verbal deadline to sign the Release. *See* R. Doc. 21, at 3. Defendant further argues that Plaintiff's reliance on the ADEA's requirements is not applicable to this case because this is a Title VII action and she has provided no evidence that she was over the age of forty at the time of the execution of Release to qualify for protection under the ADEA. *Id*.

Upon reviewing the Release and the Plaintiff's affidavit, the Court concludes that there was no deadline to sign the Release because the document itself did not state a deadline and the Plaintiff admits that she was not given any verbal deadline to accept the offer. *See* R. Doc. 13-1, at 2 (Burbank Summ. J. Aff. ¶ 13).  The Plaintiff chose to sign the Release within six (6) days of receipt based on her mistaken belief that Paragraph 9 created a seven (7) day deadline. However, Plaintiff's mistaken belief is not objectively reasonable based on the plain language of Paragraph 9, which explicitly states: "Employee acknowledges and understands that if she executes this Agreement, she will have seven (7) days following acceptance of the Agreement to cancel and revoke this agreement." *See* R. Doc. 7-4, at 4. The plain language of Paragraph 9 indicates that it creates a seven (7) day deadline for the revocation period and not a seven (7) day deadline for acceptance of the agreement. Additionally, the Plaintiff has not provided any evidence

demonstrating that she lacks the education or sophistication to understand the plain meaning of Paragraph 9.

Moreover, under general contract principles, "an offeree's power of acceptance is terminated at the time specified in the offer, or, if no time is specified, at the end of a reasonable time." *BP Marine Americas, a Div. of BP Exploration & Oil Corp.v. Geostar Shipping Co. N.V.*, No. CIV. A. 94-2118, 1995 WL 131056, at *3 (E.D. La. Mar. 22, 1995) (citing Restatement, Second, Contracts, § 41). Since no time was specified in the four corners of the Release or verbally indicated by an HRI representative, the Plaintiff had a reasonable time to accept or reject the Release.

As for the Plaintiff's reliance on the ADEA's requirement as proof of the Release's invalidity, the Court finds that this argument is without merit. As previously stated, the Release did not impose a fixed deadline and therefore it does not run-afoul of the twenty-one (21) day requirement under the ADEA nor is it applicable to these facts. Based on the foregoing, the Court concludes that the Plaintiff does not satisfy this factor.

### b.    Role in deciding the Terms

The Plaintiff avers that at no point did Reppel or any other HRI representative discuss the possibility of negotiating the terms of the Release and that the Release was presented as a "take it, or leave it" proposition. *See* R. Doc. 13, at 5. Plaintiff also directs the Court's attention to the date of the settlement checks and argues that the fact that they were dated for May 5, 2013 and May 30, 2013 demonstrate that the Defendant had no intention of negotiating the terms. *Id.*

The Defendant contends that the Plaintiff has not provided any evidence that Reppel presented the Release to her as a "take it, or leave it" proposition or that she requested and was

denied the opportunity to negotiate with HRI regarding the terms of her Release. *See* R. Doc. 21, at 5.

The Court agrees that the Plaintiff has not provided any evidence demonstrating that she was precluded from negotiating the terms.  The only summary judgment evidence submitted by the Plaintiff is her affidavit, which only makes a single conclusory statement that she was not afforded any role in deciding the terms of the Release. *See* R. Doc. 13-1 (Burbank Summ. J. Aff. ¶ 8). The Plaintiff's affidavit does not state, however, that she attempted to negotiate the terms of the agreement or that she was under duress and was compelled to sign the Release without negotiating the terms. The Plaintiff states in her argument that Reppel presented the Release as a "take it or leave it" proposition, but she does not attest to that in her affidavit and argument is not competent summary judgment evidence.  Therefore, the Court finds that there is no evidence that the Plaintiff was denied an opportunity to negotiate or that she was given a "take it or leave it" offer. *Williams*, 23 F.3d at 936 (finding lack of negotiation in the terms to not be dispositive of an invalid release where the plaintiffs were not denied the opportunity to negotiate).

Additionally, the dates of the checks are not dispositive of the Plaintiff's ability to negotiate the terms of the Release. The Plaintiff would not have had access to the checks prior to signing the Release and would not have been influenced by the fact that they were dated prior to her acceptance of the agreement. Based on the above, the Court finds that the Plaintiff does not satisfy this factor.

### c.      Clarity of the Release

The Plaintiff contends that the Release was unclear because Paragraph 5 stated that she would receive the benefits under Paragraph 1 as consideration, but the benefits in Paragraph 1 included the weekly salary and vacation time she was already entitled to receive. *See* R. Doc. 13,

at 5-6. Plaintiff contends that Paragraph 8 was also unclear for the same reasons as Paragraphs 1 and 5 because it stated that the benefits in the agreement were in addition to any other payments she was entitled to receive. *Id*. at 6.

Once again, looking at the plain language of the Release, the Court finds that the terms in Paragraphs 1, 5 and 8 are clear and unambiguous. Additionally, the Plaintiff's characterization of Paragraphs 1 and 5 are contrary to the plain meaning of the provisions. Given the Plaintiff's misrepresentation of the language in the Release, the Court finds it appropriate to provide the pertinent parts of the provisions at issue:

> Paragraph 1: HRI will pay Employee separation benefits equal to 1 week of regular salary as of her separation . . . for a period of 8 weeks . . . totaling $12,553.84, less applicable withholding taxes.

> Paragraph 2: HRI will pay Employee 40 hours for the week ending June 2, 2013.

> Paragraph 3: HRI will pay Employee earned vacation time through June 2, 2013.

> . . .

> Paragraph 5: In exchange for the consideration granted under Paragraph 1 above, which Employee admits she would not otherwise be entitled, Employee hereby . . . waives . . . claims or rights arising or that could be asserted under . . . Title VII of the Civil Rights Act of 1964.

> . . .

> Paragraph 8: Employee agrees and acknowledges that the benefits provided under this Agreement are in addition to any other payments, benefits or other things of value to which she is entitled and that she would not be entitled to all of the benefits provided under this Agreement if she did not accept this Agreement.

*See* R. Doc. 7-4, at 1-2.

Paragraph 5 clearly states that Paragraph 1 is the only payment that is consideration for Plaintiff waiving her prospective claims, and Paragraph 1 only encompasses the separation benefits and do not include her earned pay or vacation time, which are covered in Paragraphs 2

and 3. Therefore, the Court concludes that the Release is not ambiguous as to Paragraphs 1 and 5.

As for Paragraph 8, it only applies to the "benefits" covered in the Release and not the Plaintiff's earned 40 hours and vacation time. While the Plaintiff's vacation time may be a benefit, it is not a benefit arising out of the Release. When considering Paragraphs 1 and 5 in conjunction with Paragraph 8, it demonstrates that only the separation benefits are contingent upon her acceptance of the Release and are a benefit she is not entitled to receive. Under Paragraph 5 it clarifies that Paragraph 1 contains the consideration for the Release and that the Plaintiff is not otherwise entitled to it.  Furthermore, the only payment category in the Release that is characterized as a benefit is under Paragraph 1, which is titled "separation benefits." Contrarily, the Plaintiff's earned 40 hours and vacation time are not characterized as benefits under the Release because they do not arise out of the Release and are not contingent upon the Plaintiff's acceptance of the Release.

While the Plaintiff avers that she thought Paragraph 8 encompassed her earned pay and vacation time, she does not attest to this belief in her affidavit and does not provide any other evidence to contradict the plain meaning of the terms of the Release. As such, the Court finds that the Plaintiff does not satisfy this factor.

### d.      Representation by an Attorney

Plaintiff argues that she was not represented by an attorney and despite the fact that the Release advises to do so, she was not able to consult with an attorney before she signed the Release. *See* R. Doc. 13, at 6-7. Plaintiff contends that she attempted to obtain counsel but fearing that the severance offer would be rescinded, she signed the Release on June 5, 2013. *Id.* at 7.

As previously stated, the Release did not have a fixed deadline to accept the offer and the Plaintiff's subjective belief that it would be rescinded in seven (7) days is without merit. Additionally, the Plaintiff admits that she attempted to consult with an attorney and that the Release advises, in writing, to consult with an attorney. Therefore, the Court concludes that while she was not represented by an attorney, she had sufficient time to consult one and was urged to do so in writing. *Preston*, 2006 WL 757960, at *4 (finding written provision instructing employee to consult with attorney to be sufficient despite the fact that the employee did not actually consult with an attorney). Thus, the Plaintiff does not satisfy this factor and the motion for summary judgment on the Title VII claims is granted due to the Plaintiff waiving her Title VII claims.

### B.     Motion to Dismiss – Equal Pay Act

The Defendant contends that the Plaintiff's complaint completely fails to set forth a claim for relief for violation of the EPA and that it merely alleges that the Defendant's actions towards her violate the EPA and that she was subjected to disparate treatment due to her sex. *See* R. Doc. 7-2, at 8. Defendant avers that the Plaintiff fails to allege that she was paid different wages compared to male employees doing equal work on jobs that require equal skill, effort and responsibility under similar work conditions. *Id.* In opposition, the Plaintiff contends that the complaint puts the Defendant on notice that she is alleging a claim pursuant to the EPA. *See* R. Doc. 13, at 8.

The EPA "prohibits employers from discriminating on the basis of sex by paying wages to employees of one sex 'at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Henderson v. Wal*

*Mart Stores Texas, LLC*, No. CIV.A. H-10-0317, 2010 WL 1525551, at *9 (S.D. Tex. Apr. 14, 2010) (quoting 29 U.S.C. § 206(d)(1)). In alleging an EPA violation, the Plaintiff must allege that she "was paid less than a similarly situated male performing comparable work." *Id.* (citing *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993)).

Here, the Plaintiff's complaint does not set forth any factual allegations. While it is true that the Plaintiff's complaint must place the Defendant on notice of her claims, the notice requirement requires her to allege factual allegations enough to raise a right to relief above the speculative level that is plausible on its face. *Guidry*, 512 F.3d at 180. The Plaintiff's complaint only alleges conclusory statements and is completely devoid of any factual content to truly notify the Defendant of the nature of her claim. Additionally, the Plaintiff fails to minimally allege that she was paid less than a similarly situated male performing comparable work. Therefore, the Plaintiff's EPA claims should be dismissed for failure to state a claim upon which relief can be granted.

### C.   <u>Request to Amend</u>

In the Plaintiff's response to Defendant's motion to dismiss her EPA claims, she requests leave to amend her complaint "in the event this Honorable Court concludes Ms. Burbank has not met [the notice standard]." *See* R. Doc. 13, at 8. Since the Plaintiff filed her complaint as a *pro se* litigant and the Court has determined that her EPA claims are not adequately alleged, the Court concludes that justice requires that the Plaintiff be given twenty (20) days to file an amended complaint.

### IV.   <u>Conclusion</u>

Based on the foregoing,

**IT IS ORDERED** that Defendant's **Motion to Dismiss and Motion for Partial Summary Judgment (R. Doc. 7)** is **GRANTED in part and DENIED in part.** The motion for partial summary judgment on the Plaintiff's Title VII claims is **GRANTED** and the Plaintiff's Title VII claims are **DISMISSED WITH PREJUDICE** pursuant to Rule 56. The motion to dismiss Plaintiff's Equal Pay Act claims is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to amend is **GRANTED** and the Plaintiff shall have **twenty (20) days from the date of this order** to file an amended complaint.

New Orleans, Louisiana, this 2nd day of June 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**