UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIMBERLY L. BURBANK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-1556** |
| **HRI PROPERTIES** | **UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY** |

### ORDER AND REASONS

Before the Court is **Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (R. Doc. 27)**, filed by the Defendant, Historic Restoration, Incorporated (incorrectly named as HRI Properties). The Defendant seeks a court order dismissing the claims of the Plaintiff, Kimberly Burbank, for failure to prosecute and failure to comply with the Court's June 3, 2015, Order (R. Doc. 25). The motion is unopposed and was heard on the briefs on July 29, 2015.

**I.      Background**

This action was instituted by the Plaintiff as a *pro se* litigant on July 3, 2014 against her former employer for violating Title VII, 42 U.S.C. § 2000e, et seq., and the Equal Pay Act ("EPA"), 29 U.S.C.A. § 206(d). *See* R. Doc. 1, at 1. The Defendant filed a motion to dismiss the Plaintiff's EPA claims and a motion for summary judgment on the Plaintiff's Title VII claims. *See* R. Doc. 7. The Plaintiff retained counsel and opposed the Defendant's motion to dismiss and motion for partial summary judgment. *See* R. Doc. 13.

On June 3, 2015, the Court granted the Defendant's motion for partial summary judgment on the Title VII claim finding that the Plaintiff executed a valid release and waived her Title VII claims. *See* R. Doc. 25, p. 15. In considering the Defendant's motion to dismiss the Plaintiff's EPA claims, the Court found that "Plaintiff's complaint does not set forth any factual allegations."

*Id*. at 16. The Court concluded that the "Plaintiff's EPA claims should be dismissed for failure to state a claim upon which relief can be granted." *Id*.

However, the Court recognized that the Plaintiff filed her complaint as a *pro se* litigant and granted the Plaintiff's request for leave to amend her complaint to adequately allege a claim under the EPA. *Id*. The Court granted the Plaintiff twenty (20) days, or until June 23, 2015, to file an amended complaint. *Id*. The Plaintiff never filed the amended complaint.

In the instant motion, the Defendant seeks to dismiss the Plaintiff's claims pursuant to 41(b) for failure to prosecute and for failure to comply with the Court's June 3, 2013, Order granting the Plaintiff leave to amend her complaint.

## II.  Standard of Review

Rule 41(b) of the Federal Rules of Civil Procedure ("Rules") specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See, e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

## III.  Analysis

The Defendant argues that although the Plaintiff was given latitude to amend her complaint because it was filed *pro se*, she should still be required to follow the same rules of procedure that governs other litigants. *See* R. Doc. 27-3, p. 2.  The Defendant contends that the

Plaintiff violated the Court's June 3, 2015, Order by not filing the required amendment by June 23, 2015.[1] Thus, the Defendant contends that dismissal is appropriate under Rule 41(b).

Courts have found that failure to comply with a court's order granting leave to amend an inadequate complaint is grounds for dismissal under Rule 41(b). *Hampton v. Cox*, No. CIV.A. 14-0535, 2014 WL 4975867, at *1 (W.D. La. Oct. 3, 2014) (finding that plaintiff's failure to comply with the court's order to amend the complaint to only add factual allegations and no legal analysis was grounds for dismissal); *Robinson v. Cox*, No. 3:13-CV-0963, 2013 WL 5522802, at *1 (W.D. La. Oct. 2, 2013) (dismissing a 28 U.S.C. § 1983 claim for failure to comply with order to amend after the court determined the claim was insufficient); *Dubos Refinishers, Inc. v. St. Paul Travelers Grp.*, No. CIV.A. 06-10068, 2007 WL 2071608, at *2 (E.D. La. July 17, 2007) (dismissing plaintiff's complaint under 41(b) for failure to comply with the Court's order to amend the complaint after granting a motion for more definite statement).

Here, the Court has already determined in its June 3, 2015 Order that the Plaintiff's EPA claim does not state a claim upon which relief can be granted. The Plaintiff's claim was devoid of any factual allegations and only made conclusory statements, which was not enough to survive a motion to dismiss. The only reason the Plaintiff's EPA claim was not dismissed along with her Title VII claim is that she filed the complaint *pro se* and requested an opportunity to amend the complaint. Now the Plaintiff has failed to seize the opportunity to re-allege the EPA claim and has failed to oppose the pending motion to dismiss pursuant to Rule 41(b). Under these circumstances, the Court is compelled to conclude that the Plaintiff's claims should be dismissed for failure to prosecute.

---

[1] The Court's Order was signed on June 2, 2015, but the Order was not docketed into the record until June 3, 2015. Therefore, although the Defendant contends that the amended complaint was due June 22, 2015, or 20 days after the Order was signed, the 20 day period began June 3, 2015 and the amended complaint was due June 23, 2015.

**IV.     Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the **Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (R. Doc. 27)** is **GRANTED** and the Plaintiff's claim pursuant to the Equal Pay Act, 29 U.S.C.A. § 206(d) is **DISMISSED WITH PREJUDICE** for failure to prosecute under Rule 41(b).

New Orleans, Louisiana, this 17th day of August 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**